IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| STEVEN R. HENSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 25-3099-JWL |
| | ) | |
| C. CARTER, Warden, FCI-Leavenworth, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

## **MEMORANDUM AND ORDER**

Petitioner has filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, in which he seeks immediate release from prison to prerelease custody. For the reasons set forth below, the Court **denies** the petition.

Petitioner was convicted in this district of various offenses relating to his illegal distribution of prescription drugs, and he was sentenced to a term of imprisonment of 120 months. He is presently imprisoned within this district, and his projected release date is April 21, 2027. In February 2025, transfer of petitioner to an RRC was recommended to begin on July 20, 2025, 640 days prior to the projected release date. In April 2025, however, a medical hold was placed on petitioner by the Bureau of Prisons (BOP), indicating that he is not to be transferred to an RRC during the pendency of the hold.

On May 21, 2025, petitioner filed the instant petition, by which he seeks immediate transfer to a residential reentry center (RRC) or home confinement. Petitioner argues that the BOP has improperly imposed the medical hold to prevent him from receiving necessary

skin cancer treatment while at an RRC.  Respondents filed an answer to the petition, but petitioner did not file a traverse or reply brief by the Court-ordered deadline of June 19, 2025.

First, the petition is subject to dismissal because of a failure to exhaust.  *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief . . . .").  Petitioner states in his petition that he has exhausted administrative remedies, but he has not provided any detail or explained how he accomplished the required exhaustion.  In response, respondents have provided evidence that petitioner has not in fact filed any administrative requests relating to the issues raised in the petition pursuant to the mandated administrative procedures.  *See id.* at 1204 (noting the required steps under BOP regulations).  Petitioner has not filed a reply in support of his petition, and thus petitioner has not controverted this evidence that he has not exhausted his available administrative remedies.  Nor, therefore, has petitioner argued that the narrow futility exception or any other exception applies here.  *See id.* at 1203 (acknowledging narrow exception for futility).  The Court therefore concludes that petitioner has failed to exhaust administrative remedies as required.

In addition, petitioner has not shown that he is entitled to relief on the merits of his petition.  *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (district court may deny unexhausted habeas claim on the merits).  Petitioner has not shown that he is entitled to an immediate transfer to an RRC.  As a general matter, the BOP has discretion to designate the place of imprisonment, and that decision is not reviewable by courts.  *See* 18 U.S.C. § 3621(b); *Leffew v. Warden, FCI-Leavenworth*, 2022 WL 752501, at *1 (D. Kan.

2

Feb. 3, 2025) (Lungstrum, J.).  Petitioner has not shown that the BOP did not consider the required factors in designating petitioner's present place of imprisonment.  Respondents have explained in their response (which facts petitioner has not disputed) that petitioner is not entitled to mandatory placement in an RRC until October 2025 if all of his available First Act credits are applied; and even if he were granted the maximum additional 90 discretionary days of credit under the Second Chance Act, that would move the transfer date back only as far as July 20, 2025.  Thus, in essence, petitioner's request is premature, and petitioner has not shown that the BOP has violated any law or regulation by failing to transfer him prior to this date.  Nor has petitioner shown that the BOP violated any law or regulation in imposing the medical hold.  Finally, although petitioner cites cases to support the position that the BOP may not deny a category of prisoners eligibility for transfer to an RRC, he has not specifically alleged or shown that the BOP engaged in any such categorical denial in this case.[1]  Accordingly, the Court denies the petition for relief.


        IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

        IT IS SO ORDERED.

        Dated this 11th day of July, 2025, in Kansas City, Kansas.

                                        /s/  John W. Lungstrum
                                        Hon. John W. Lungstrum
                                        United States District Judge

---

        [1]  Petitioner also appears to complain about conditions at his present facility, but any claim for relief based on the conditions of confinement may not be pursued by habeas petition.